**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BOBBY LYNN FEATHERSON, #1323066,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0729-K** |
| | ) | **ECF** |
| **JUDGE GENE KNIZE, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is presently incarcerated at the Bradshaw State Jail of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID).  Defendants are Judge Gene Knize, Assistant District Attorney Joe F. Grubbs, and Appointed Counsel Bill Scott.

The Court did not issue process in this case, pending preliminary screening.  On April 28, 2006, the Court issued a questionnaire to Plaintiff, who filed his answers on May 26, 2006.

Statement of Case:  The complaint seeks to challenge Plaintiff's convictions for possession of a controlled substance and burglary of a building from the 40th Judicial District

Court of Ellis County in Cause Nos. 28491-CR and 28490-CR.  (Complaint at 3-4 and Answer to

Question 1).  Punishment was assessed at 450 days imprisonment on August 1, 2005.  (Answer

to Question 1).  Plaintiff alleges that the Defendants did not act "in their professional duty to

prove innocence of applicant, only attempted quick conviction, ignoring evidence, and testimony

of applicant . . . ."  (Complaint at 4).  He further alleges that his appointed counsel failed to

conduct any investigation, and that the prosecutor withheld evidence from the trial court.  (Id. at

3-4).  Plaintiff requests an order "clear[ing] . . . [his] name" and compensatory damages for his

lost wages.  (Id. at 4).

     Findings and Conclusions:  The Court has permitted Plaintiff to proceed *in forma*

*pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes

a screening responsibility on the district court.  Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a
> civil action in which a prisoner seeks redress from a governmental entity or
> officer or employee of a governmental entity [and] [o]n review, the court shall
> identify cognizable claims or dismiss the complaint, or any portion of the
> complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim
> upon which relief may be granted; or (2) seeks monetary relief from a defendant
> who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  See also 28 U.S.C. § 1915(e)(2)(B).

     Section 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds

that the complaint is "frivolous."  A complaint is frivolous, if it "lacks an arguable basis either in

law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

     This Court lacks jurisdiction to "clear" Plaintiff's name as alleged in the complaint.

Insofar as Plaintiff requests release from confinement or a reversal of his convictions, his claim is

cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2241, *et. seq.*  See Preiser v.

Rodriguez, 411 U.S. 475, 488-90 (1973) (a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement."); see also Wilkinson v. Dotson, ___ U.S. ___, 125 S.Ct. 1242, 1245 (2005); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).  As such this claim should be dismissed without prejudice to Plaintiff's right to re-file after exhausting state habeas corpus remedies.  See 28 U.S.C. § 2254(b).

Next Plaintiff requests compensatory damages for lost wages caused by his Ellis County convictions.  Judge Knize is absolutely immune from any claims for monetary damages.[1] According to Plaintiff, Judge Knize misused his powers as a judge in the course of his criminal prosecution.  It is self-evident that any ruling issued by Judge Knize during Plaintiff's criminal trial occurred in his capacity and function as a judge, which in and of itself renders him immune from a suit for monetary damages.  Stump v. Sparkman, 435 U.S. 349, 359 (1978); see also Brandley v. Keeshan, 64 F.3d 196, 200-201 (5th Cir. 1995).

Any claim for monetary damages against Assistant District Attorney Grubbs is also

---

[1]    "Despite the applicability of Heck v. Humphrey, 512 U.S. 477 (1994) [as set out more fully below], a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) (presently § 1915(e)) determination."  Krueger v. Reimer, 66 F.3d 75, 76 (5th Cir. 1995) (citing Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir.1994)); see also Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th  Cir. 1995) (even if a complaint is subject to dismissal under Heck, it remains appropriate for district courts to resolve the question of immunity before reaching the Heck analysis).

barred by the doctrine of absolute immunity.  Plaintiff alleges that Grubbs withheld evidence from the court and failed to meet the State's burden of proof during the criminal trial.  A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case.  See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997).

In addition to the above Defendants, Plaintiff seeks to sue his court appointed counsel for negligence, misrepresentation, and failing to investigate the evidence.  (Complaint at 3).  42 U.S.C. § 1983 affords redress only for conduct committed by a person acting under color of state law.  Neither appointed nor retained counsel acts under color of state law in representing a defendant in the course of a criminal case.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law).  As such the conduct of Plaintiff's court appointed counsel is not cognizable in this § 1983 action.

Accordingly, Plaintiff's claims against Judge Knize, Assistant District Attorney Grubbs, and Attorney Scott should be dismissed with prejudice as frivolous and for seeking monetary relief against Defendants who are immune from such relief.  See 28 U.S.C. §§ 1915A(b)(1) and

(2) and 1915(e)(2)(B)(i) and (iii).[2]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claim requesting the Court to "clear [his] name" should be dismissed for want of jurisdiction, and that any claim seeking release from confinement or reversal of his convictions should be dismissed without prejudice to Plaintiff's right to re-file in a habeas corpus action after exhausting state habeas corpus remedies. See 28 U.S.C. § 2254(b).

It is further recommended that Plaintiff's claims for monetary relief be dismissed with prejudice as frivolous as to Defendants Judge Gene Knize, Assistant District Attorney Joe F. Grubbs, and Appointed Counsel Bill Scott, and for seeking monetary relief against defendants who are immune from such relief as to Defendants Judge Knize and Assistant Grubbs. See 28

---

[2] Even assuming Plaintiff's claims were not barred by absolute immunity and the color of law requirement, they would impugn on the validity of his state convictions in Cause Nos. 28491-CR and 28490-CR. (Answer to Question 2).  Under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), Plaintiff's claim is not cognizable under § 1983 unless Plaintiff's state conviction is reversed, expunged, invalidated or called into question. Plaintiff concedes that an art. 11.07 application for state habeas corpus relief is still pending in state court.  (Answer to Question 2).

U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 24th day of July, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE



NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.